United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

vs.

D-2 Harry Gappy,

        Defendants.
_____/

Case No. 21-cr-20441

Honorable Terrence G. Berg

### Stipulated Preliminary Order of Forfeiture

The United States of America, by and through Assistant United States Attorney Adriana Dydell and Defendant Harry Gappy ("Defendant"), by and through his attorney, James C. Thomas, submit this Stipulated Preliminary Order of Forfeiture to the Court for entry. The Parties stipulate and agree to the following:

On July 6, 2021, the United States filed an Information, which charges Defendant with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349. (ECF No. 1).

The Information contains a Forfeiture Allegation which provides notice that upon conviction of the charged offense the defendants shall forfeit to the United States of America, under 18 U.S.C. § 981(a)(1)(C)

1

and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The Forfeiture Allegation identifies specify property that the United States intends to forfeit. (ECF No. 1, PageID.5-7).

The Forfeiture Allegation also provides notice that the United States intends to seek a forfeiture money judgment for the total amount of proceeds that defendants obtained as a result of Count One, which the United States anticipated to be approximately $9.2 million dollars. (ECF No. 1, PageID.7).

On or about October 21, 2021, Defendant pleaded guilty to Count One of the Information under a Rule 11 Plea Agreement. (ECF No. 25, PageID.70).

In the factual basis for the Rule 11, Defendant agreed that he and his brother, co-Defendant Hadeer Gappy, owned and operated Bottom's-Up Liquor ("Bottom's-Up"), a market and liquor store in Detroit, Michigan. (ECF No. 25, PageID.71). Defendant acknowledged that between approximately February 2016 and February 2018, he engaged in a scheme to purchase merchant gift cards and stored-value cards from individuals who used compromised credit and debit card accounts

to obtain the cards. (ECF No. 25, PageID.72-73). Bottom's-Up resold the merchant gift cards at a profit to Raise.com and CardCash.com and processed the prepaid stored-value cards as purchases on their credit/debt card terminals. (ECF No. 25, PageID.73). Raise.com, CardCash.com, and Elavon wire transferred payments to the Bottom's Up account at Comerica Bank. (ECF No. 25, PageID.73). Defendants withdrew significant sums of cash from the Comerica Bank account and transferred the funds received from Raise.com, CardCash.com, and Elavon out of the Comerica Bank account into other accounts they controlled, including accounts titled to their mother. (ECF No. 25, PageID.73-74).

Between February 2016 and August 2017, Defendants sold more than 57,000 gift cards to Raise.com for which Raise.com paid approximately $4.9 million dollars. (ECF No. 25, PageID.74). Between January 2017 and February 2018, Defendants sold more than 2,800 gift cards to CardCash.com for which CardCash.com paid approximately $1.4 million dollars. (ECF No. 25, PageID.74). Between December 2016 and December 2017, Defendants processed more than $2.9 million

3

dollars in stored-value card transactions through Elavon. (ECF No. 25, PageID.74).

As part of his Rule 11 Defendant agreed to forfeit, any and all property, real or personal, which constitutes or is derived from proceeds traceable to, and which he acquired as a result of, his participation in the described wire fraud conspiracy under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). (ECF No. 25, PageID.78).

As part of his agreement regarding forfeiture, Defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $4,600,000.00 (the "Money Judgment"). (ECF No. 25, PageID.78). In support of the Money Judgment, Defendant acknowledged that he participated in a conspiracy with his brother that obtained at least $9.2 million in payments from Raise.com, CardCash.com and Elavon. (ECF No. 25, PageID.78).

As part of his agreement regarding forfeiture, Defendant acknowledged that he transferred the payments received in Bottom's Up's Comerica Bank account to other accounts owned or controlled by him, including accounts titled to his mother, Suhaila. (ECF No. 25, PageID.78). Defendant agreed to forfeit his interest in the following

assets to the United States as proceeds, or directly traceable to proceeds, of the wire fraud conspiracy:

    a) $55,343.71 in funds from Bank of America Acct #006617232209 (18-USS-000383);

    b) $314,877.00 in funds from Comerica Bank Acct #1230027508 (18-USS-000384);

    c) $147,205.63 in funds from Elavon Merchant Acct #8030848413 (18-USS-000385);

    d) $741,073.63 in funds from Huntington Bank Acct #03382313205 (18-USS-000386);

    e) $800,486.48 in funds from TCF Bank Acct #3444000174 (18-USS-000387);

    f) $3,601.29 in funds from TCF Bank Acct #4443472331 (18-USS-000388);

    g) $611,491.06 in funds from TCF Bank Acct #7443943622 (18-USS-000389);

    h) $306,320 U.S. Currency seized from XX46 Buena Vista Court, West Bloomfield, Michigan (18-USS-000442);

    i) $32,174 and $5,000 U.S. Currency seized from XX23 W. 8 Mile Road, Detroit, Michigan (18-USS-000443, 18-USS-000461);

    j) $5,194 U.S. Currency seized from X04 Woodhaven Drive, Commerce Township, Michigan (18-USS-000462).

(collectively, the "Subject Property") (ECF No. 25, PageID.78-79).

In his Rule 11, Defendant agreed to the Court's prompt entry of one or more orders of forfeiture, and agreed to sign a Stipulated

Preliminary Order of Forfeiture for forfeiture of the Subject Property and entry of the $4,600,000.00 Money Judgment. (ECF No. 25, PageID.79).

To the extent the Subject Property does not satisfy the Money Judgment, Defendant agrees to satisfy the Money Judgment through the forfeiture of any other property owned by him. Defendant explicitly agrees to the forfeiture of any and all identified substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (ECF No. 25, PageID.80).

As part of this Stipulation, Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment. (ECF No. 25, PageID.80).

As part of this Stipulation, Defendant agrees to cooperate with the United States in connection with its efforts to identify, locate, seize, and forfeit property in accordance with his agreement. Defendant agrees

that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, any property that is forfeitable to the United States and will execute any legal documents that may be required to transfer title to the United States. Defendant agreed that he will take whatever steps are necessary to ensure that his assets are not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. (ECF No. 25, PageID.80).

Based on the Information, the Rule 11 Plea Agreement, Defendant's guilty plea, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, **THIS COURT ORDERS** as follows:

1. A forfeiture Money Judgment in the amount of $4,600,000.00 **IS GRANTED AND ENTERED** against Defendant Harry Gappy in favor of the United States. The Court finds that the Money Judgment amount is a reasonable approximation of the proceeds Defendant obtained from his violation of Count One of the Information. The Money Judgment shall become final at entry given that ancillary proceedings are not required for a Money Judgment.

2. The Money Judgment may be satisfied, to whatever extent possible, from any property owned by Defendant or under his dominion and control. Any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p) until the Forfeiture Money Judgment is satisfied in full. The United States may undertake whatever discovery is necessary to identify, locate, or dispose of substitute assets under Federal Rule of Criminal Procedure 32.2(b).

3. The Court finds that the Subject Property has a nexus to Count One and **ORDERS FORFEITURE** of the Subject Property to the United States as proceeds or property traceable to proceeds of the offense under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

4. This Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

5. Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within 30 days of the final date of publication of notice or within 30 days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury, and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified

Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third-party files a timely petition for any of the Subject Property by the deadline provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a timely petition for ancillary hearing for any of the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of

Forfeiture as necessary to account for any third-party rights as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

8. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| s/ ADRIANA DYDELL<br>ADRIANA DYDELL<br>Assistant United States Attorney<br>211 W. Fort St., Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9125<br>adriana.dydell@usdoj.gov<br>[CA Bar No 239516]<br><br>Dated: July 12, 2022 | s/ James C. Thomas<br>JAMES C. THOMAS<br>Attorney for Harry Gappy<br>12900 Hall Rd Ste 350<br>Sterling Heights, MI 48313-1174<br>(586) 726-1000<br>jthomas@orlaw.com<br>[P23801]<br><br>Dated: July 14, 2022<br><br>s/ Harry Gappy<br>HARRY GAPPY<br>Defendant<br><br>Dated: July 14, 2022 |

*******************************************

**IT IS SO ORDERED.**

Dated: July 14, 2022

/s/Terrence G. Berg
HON. TERRENCE G. BERG
United States District Judge

11